Decision and Journal Entry
{¶ 1} Appellant, Darryl J. Aaron, appeals the decision of the Summit County Court of Common Pleas, which convicted him of failure to comply with order or signal of police officer and failure to register and sentenced him accordingly. This Court affirms.
 I. {¶ 2} Appellant was indicted on the following charges: failure to comply with order or signal of police officer in violation of R.C.2921.331(B), failure to register as a sex offender in violation of R.C.2950.04, and receiving stolen property in violation of R.C. 2913.51. The case proceeded to a jury trial. On December 20, 2002, the jury found appellant guilty of failure to comply and failure to register, and not guilty of receiving stolen property. On January 13, 2003, the trial court sentenced appellant to four years in prison for his failure to comply conviction and 11 months in prison for his failure to register conviction. The trial court ordered that appellant's sentences run concurrently.
 {¶ 3} Appellant timely appealed, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The Verdict Was Flawed Because The Statute Is Unconstitutionally Vague Because There Is No Mechanism In The Statute To Ascertain Whether Property, Of Any Nature, Suffered Serious Physical Harm."
 {¶ 4} In his first assignment of error, appellant argues the verdict was flawed because the statute is unconstitutionally vague in that there is no mechanism within it to ascertain whether property, of any nature, suffered serious physical harm.
 {¶ 5} This Court notes that, although appellant now attempts to assert R.C. 2921.331 is unconstitutional, he failed to raise this argument before the trial court. It is well settled that "failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Treichel (Oct. 2, 1996), 9th Dist. No. 95CA006296, quoting State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Consequently, this Court declines to address appellant's constitutional argument. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The Verdict Was Against The Manifest Weight Of The Evidence."
 {¶ 6} In his second assignment of error, appellant argues his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 7} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
"[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
"A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue more than it supports the other. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." (Citations omitted.) State v.Morton, 9th Dist. No. 21047, 2002-Ohio-6458, ¶¶ 26-27.
 {¶ 8} In the instant case, appellant was charged with failure to comply with order or signal of police officer under R.C. 2921.331(B), which provides: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." R.C. 2921.331(C)(5)(ii) further provides that, when the trier of fact finds the offender's operation of the vehicle caused a substantial risk of serious physical harm to persons or property, the offense becomes a felony of the third degree.
 {¶ 9} The State presented several witnesses to testify at trial concerning the facts surrounding appellant's failure to comply. Rebecca Dendinger testified that around 11:30pm on September 30, 2002, her maroon Chevy Cavalier wagon was stolen out of her driveway. She stated that she called 911 immediately to report the theft to the police. She testified that around 1:45am that same night the police notified her that they had found her wagon, but that it was totaled. She stated the police explained to her the vehicle was inoperable because a rod had gone through the engine and the gear shift was torn up in the vehicle.
 {¶ 10} Officer Eric Wood testified that, while on duty on the night of September 30, 2002, he noticed three men in a Chevy Cavalier who became visibly nervous as he was driving behind them on Main Street in Akron. He stated that he ran the license plate and discovered the vehicle had been reported stolen. He testified he then called in for backup units and kept following the stolen vehicle. Once his backup arrived, Officer Wood stated he activated his overhead lights and sirens behind the stolen vehicle and the suspects did not stop for him. He testified that a chase ensued, the stolen vehicle began speeding and running traffic lights and stop signs as it entered a residential area. Officer Wood stated the chase proceeded onto Route 59 and continued into Fairlawn.
 {¶ 11} Officer Wood testified that he and numerous other police vehicles attempted to stop the stolen vehicle several times, but it kept swerving back and forth to either block or hit their vehicles and continued speeding up to 85 miles per hour. He stated that he suddenly heard a large bang and smoke started shooting out of the back of the stolen vehicle as it began slowing in speed. Officer Wood testified he then pulled alongside the driver's side of the vehicle and the driver completely ignored his commands to pull over. He stated the stolen vehicle eventually slowed to a full stop on the road, the driver refused to exit the vehicle, and he and another officer pulled the driver out of the vehicle.
 {¶ 12} Officer Wood identified appellant as the driver of the stolen vehicle and stated that he arrested him. He testified that the stolen vehicle was inoperable and was towed from the scene. Office Wood also testified that there was a substantial risk of harm for the police, the suspects, and the general public during the 13 mile chase. He stated one officer was injured and the stolen vehicle was clearly totaled as a result of appellant's failure to comply with the numerous signals and orders by the police to stop and exit the vehicle.
 {¶ 13} Officer David Long also testified and corroborated Officer Wood's testimony as to the events of the chase and the identification of appellant as the driver of the stolen vehicle. Michael Moon, one of appellant's co-defendants in the stolen vehicle, testified that appellant was driving the wagon and decided not to stop for the police. Mr. Moon stated that, after the chase became more high-speed and dangerous, he joined the other co-defendant in pleading with appellant to stop the vehicle. He testified that appellant did not stop the vehicle and the reason it eventually stopped was because the motor blew out on it.
 {¶ 14} Appellant was also charged with failure to register under R.C. 2950.04, which provides that an offender who has been convicted of a sexually oriented offense shall register personally with the sheriff of the county in which the offender resides or temporarily is domiciled for more than seven days. R.C. 2950.04(A)(1).
 {¶ 15} The State presented several witnesses to testify at trial concerning the facts surrounding appellant's failure to register. Kenneth Masich, the bailiff at the time the trial court adjudicated appellant a sexually oriented offender, testified that the court properly instructed appellant about his reporting requirements as a sexually oriented offender once he was released from prison. He stated that he also personally provided appellant with the form that explained his duties to register and that appellant refused to sign it for him on March 2, 1999. Mr. Masich identified appellant as the same individual who refused to sign the registration responsibilities form for him.
 {¶ 16} Sharon Scott, an employee of the Summit County Sheriff's Office who registers sex offenders, identified appellant as an inmate who registered as a sexually oriented offender with her on April 24, 2001. She stated that she explained the registration responsibilities form to appellant, which specifically stated he needed to register annually and his next date to register was April 24, 2002. Ms. Scott testified that appellant did not register in April of 2002. Amy Jenkins, appellant's parole officer, also testified that she explained appellant's sex offender registration requirements to him, along with his parole conditions, when he was first released from prison in March of 2001.
 {¶ 17} This Court notes that appellant testified in his defense and that his testimony was in conflict with that of the State's witnesses. However, the jury, being the trier of fact, found the testimony of the State's eight witnesses more credible than appellant's testimony. It is well settled that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. This Court gives deference to the findings of the jury as they are in the best position to determine the credibility of witnesses during trial.
 {¶ 18} After careful review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it convicted appellant of failure to comply and failure to register. Although conflicting testimony was presented, this Court refuses to overturn the verdict because the jury chose to believe other testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam
(Aug. 12, 1998), 9th Dist. No. 97CA006757, citing State v. Warren
(1995), 106 Ohio App.3d 753, 760. Accordingly, this Court holds that appellant's convictions were not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"The Defendant's Sixth (6th) Amendment Rights Were Violated As He Received Ineffective Assistance Of Counsel."
 {¶ 19} In his third assignment of error, appellant argues his sixth amendment rights were violated because he received ineffective assistance of counsel at trial. This Court disagrees.
 {¶ 20} A two-step process is employed in determining whether the right to effective counsel has been violated:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 21} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, it is well settled that an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160,174.
 {¶ 22} Appellant argues two reasons why his attorney failed to provide him with effective assistance of counsel at trial. First, he states his counsel failed to file a motion to dismiss the failure to comply charge on the basis that the statute is vague and provides no way to measure serious physical harm to property. Second, he states his counsel failed to file a motion to sever appellant's charges for separate trials. Appellant contends that, but for his counsel's failure to represent him in these specific ways, the outcome of his trial would have been different.
 {¶ 23} After careful evaluation of the challenged conduct of appellant's trial attorney on the facts of this particular case, this Court finds that appellant has failed to meet his burden of proof and his arguments are without merit. Applying the Strickland standard to the instant case, appellant neither establishes a deficiency in his trial counsel's performance nor that there exists a reasonable probability that the outcome of his trial would have been different but for his counsel's deficient performance. It is well settled that an attorney's decisions not to file certain pretrial motions are "debatable trial tactics [that] generally do not constitute a deprivation of effective counsel." Statev. Phillips (1995), 74 Ohio St.3d 72, 85, citing State v. Clayton
(1980), 62 Ohio St.2d 45, 49. See, also, State v. Talmon (Jan. 30, 1991), 9th Dist. No. 1913. Appellant has not provided sufficient evidence to contradict that his trial attorney's decisions to not file the abovementioned motions were sound trial strategy under the circumstances of the case.
 {¶ 24} Also, with regard to the motion to dismiss the failure to comply charge on the basis that the statute is vague and provides no way to measure serious physical harm to property, this Court notes that the filing of such a motion would have been pointless. R.C. 2901.01(A)(6) provides a clear definition of what constitutes "serious physical harm to property" as it is used in R.C. 2921.331(C)(5)(ii). This Court has held that attorneys should not have to file fruitless, time-consuming motions that consume the court's valuable resources in order to protect themselves from ineffective assistance of counsel claims. See State v.Smith (Dec. 22, 1999), 9th Dist. No. 98CA007144, citing State v. Clary
(1991), 73 Ohio App.3d 42. Appellant's third assignment of error is overruled.
 III. {¶ 25} Accordingly, appellant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J., BAIRD, J. CONCUR